United States District Court
Southern District of Texas
**ENTERED**
April 04, 2016
David J. Bradley, Clerk

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **HUGO MARTINEZ,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 1:15-198** |
| | § | **Criminal No. B:13-447-1** |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On November 9, 2015, Petitioner Hugo Martinez ("Martinez") filed a Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1. On February 12, 2016, the United States timely responded to the motion. Dkt. No. 16.

After reviewing the record and the relevant case law, the Court **RECOMMENDS** that Martinez's petition be **DISMISSED,** because he waived his right to file the instant petition. Furthermore, if Martinez's petition is not dismissed, it should be **DENIED**, because it is legally and substantively meritless.

## I. Procedural and Factual Background

On June 4, 2013, a federal grand jury – sitting in Brownsville, Texas – indicted Martinez on a six-count indictment for various drug charges. U.S. v. Martinez, Criminal No. 1:13-447-1, Dkt. No. 1 (J. Hanen, presiding) (hereinafter "CR").

On October 22, 2013, a grand jury returned a six-count superceding indictment, charging Martinez with one count of conspiracy to possess with the intent to distribute more than five kilograms of cocaine; two counts of possession with intent to distribute more than five kilograms of cocaine; two counts of conspiracy to import more than five kilograms of cocaine; and one count of importing more than five kilograms of cocaine. CR Dkt. No. 27.

### A. Rearraignment and Waiver of Appellate Rights

On February 20, 2014, Martinez appeared before the District Judge and pled guilty to conspiracy to possess with intent to distribute more than five kilograms of cocaine, pursuant to a written plea agreement. CR Dkt. No. 76.

Both Martinez's written plea agreement and plea colloquy indicate that Martinez knowingly and voluntarily waived his appellate rights. CR Dkt. No. 76, ¶ 11; CR Dkt. No. 126, pp. 24-25.

As relevant here, paragraph 11 of the plea agreement provides:

> Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant agrees to waive the right to appeal the conviction and the sentence imposed or the manner in which the sentence was determined. Additionally, the defendant is aware that Title 18, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant knowingly and voluntarily waives the right to contest his/her conviction or sentence by any means of any post-conviction proceeding.

CR Dkt. No. 76, ¶ 11.

During the plea colloquy, the District Judge established that Martinez understood he was waiving his appellate rights.

> [Court]: There are times and circumstances when you can appeal any sentence I may impose against you. Do you understand that, sir?
>
> [Martinez]: Yes.
>
> [Court]: In paragraph 11 of your agreement with the government, you've agreed to waive or give up the right to appeal the conviction and the sentence imposed or the manner in which it was determined, and you've also agreed to waive or give up the right to attack the conviction under Title 28, United States Code, Section 2255 after the conviction becomes final. I want to make sure you understand you're giving up these appellate rights in your agreement with the government.
>
> [Martinez]: Yes.

CR Dkt. No. 126, pp. 24-25.

The Court established that Martinez had never needed treatment for any kind of substance abuse problem; was not under the influence of any medications or drugs; had discussed the charges with his attorney; was able to assist in his own defense; and was satisfied with his attorney's representation. CR Dkt. No. 126. Martinez informed the Court that he had not been forced to plead guilty and acknowledged that the plea agreement had been explained to him. Id.

The Court further informed Martinez that the Court did not have to follow any

recommendation within the plea agreement; and that the Court could sentence Martinez to something more than Martinez might anticipate. Id.  Martinez stated that he had been informed of the maximum sentence that he faced; and the impact of the sentencing guidelines in his case. Id.  The Court further explained that as a result of pleading guilty, Martinez gave up: the right to confront and cross-examine adverse witnesses; the right to call witnesses on his own behalf; the right to subpoena witnesses to make them testify; and gave up his right to choose whether he would testify. Id.  Martinez confirmed that he understood the implications of giving up his right to trial as a result of pleading guilty. Id.  Having stated that he understood all of his rights, Martinez entered a plea of guilty to the charge of conspiracy to possess with intent to distribute more than five kilograms of cocaine. Id.

**B. Sentencing**

In the final revised[1] presentence report, Martinez was assessed a base offense level of 38, as a result of being held accountable for 2,164.74 kilograms of cocaine.[2] CR Dkt. No. 88, p. 15.  This finding was based upon the testimony of other co-conspirators, who outlined previous shipments of cocaine that were arranged by Martinez. Id., pp. 4-15.

Martinez's base offense level was enhanced by two levels because he stored cocaine at his residence for future distribution. CR Dkt. No. 88, p. 15.  It was further enhanced by four levels because Martinez served as a manager/leader of the criminal activity. Id.

Martinez was afforded a three-level reduction for acceptance of responsibility. Id. Accordingly, his total offense level was 41. Id.

Martinez had no prior criminal convictions, resulting in zero criminal history points. CR Dkt. No. 88, p. 16.  With no criminal history points, Martinez was assessed a criminal history category of I.  Id.  The presentence report, based upon Martinez's offense level of 31

---

[1] The revisions did not alter the calculation of the base offense level or the criminal history.

[2] Martinez's relevant conduct involved only cocaine.  Thus, the 2,164.74 kilograms refers entirely to cocaine and is not a marihuana equivalency calculation. See U.S.S.G. § 2D commentary (noting that when differing controlled substances are part of the relevant conduct, all of the substances are converted to a marihuana equivalent).

and criminal history category I, identified a guideline sentencing range of 324 to 405 months of imprisonment. Id., p. 23.

On May 2, 2014, Martinez's counsel submitted objections to the PSR. CR Dkt. No. 87. While there were five pages of objections, the most significant ones related to amount of cocaine attributable as relevant conduct; whether Martinez had used his residence to store the cocaine; and the number of points assessed based upon Martinez's role as a leader/manager of the criminal activity.  Id.

On May 27, 2014, the Court issued an order, notifying the parties that it was considering an upward departure in Martinez's sentence. CR Dkt. No. 92.

The sentencing was re-set several times to allow Martinez to testify before the grand jury. CR Dkt. Nos. 95, 96, 97, 100, 101, 102, 105.

On May 29, 2015, the Government filed a motion for a downward departure, based upon substantial assistance. CR Dkt. No. 108.

On June 1, 2015, the District Court held the sentencing hearing. CR Dkt. No. 129.  At the hearing, the Court accepted the stipulation as to the amount of cocaine – 12.36 kilograms – to be used in assessing relevant conduct, thus sustaining Martinez's objection. Id, p. 14. The Court also sustained Martinez's objection to the sentencing enhancement for the use of his residence to store cocaine. Id, p. 22.  The Court also reduced the sentencing enhancement for being a manager/leader of the conspiracy from four points to three points. Id, p. 25.

After the Court ruled on those objections, Martinez's revised total offense level was 30; his guideline sentencing range was 97 to 121 months. Id, p. 26.  At sentencing, the Government reiterated its motion for a downward departure for substantial assistance, pursuant to U.S.S.G. § 5K1.1. Id.

The Court sentenced Martinez to 108 months of incarceration, five years of supervised release and a $100.00 special assessment. CR Dkt. No. 129, pp. 29-30.  The original indictment and the other counts from the superceding indictment were dismissed. Id.  The judgment was entered on June 10, 2015. CR Dkt. No. 115

Neither the District Court docket nor the Fifth Circuit docket reflect the filing of a direct appeal.  A notice of appeal must be filed within 14 days from the entry of judgment.

4

FED. R. APP. P. 4(b)(1)(A), 26(a)(2).  Therefore, Martinez's deadline for filing a notice of appeal passed on June 24, 2015.

**C.  Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255**

On November 9, 2015, Martinez timely filed the instant § 2255 motion, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1.  In his petition, Martinez made four claims for relief, which the Court restates as two claims:

(1) he did not "receive any legal advice from the lawyer who represented me . . . was not advised as to the severity of the charges I was facing and was not [shown] the PSI report . . . went to sentencing without knowing its contents;"

(2) his counsel did not advise him of his appellate rights, including that he was giving up his right to appeal. Dkt. No. 1.

On February 2, 2016, the Government timely filed a response to the petition. Dkt. No. 16.  The Government seeks specific performance of the plea agreement, asserting that Martinez waived his right to file the instant petition and that, even if not waived, Martinez's claims are substantively meritless. Id.

**II.  Applicable Law**

**A. Section 2255**

Martinez seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1.  As relevant here, that section provides:

> (a)  A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Where a § 2255 petitioner exhausts or waives his direct appeal, courts may presume that he was fairly convicted. U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001).  Generally, a petitioner may not raise on collateral attack issues that he failed to raise on direct appeal, absent a showing of cause and prejudice. Id.

"In a habeas action, federal courts stand willing to review issues of jurisdiction, allegations of substantial constitutional violations, and claims that exceptional circumstances resulted in a fundamental miscarriage of justice." Lawrence v. McCarthy, 344 F.3d 467, 474 (5th Cir. 2003).

Nevertheless, as a general matter, an informed and voluntary waiver of post-conviction relief bars relief pursuant to 28 U.S.C. § 2255. U.S. v. Del Toro-Alejandre, 489 F.3d 721, 722 (5th Cir. 2007). Waiver will not preclude relief, however, if petitioner's waiver and guilty plea are the product of ineffective assistance of counsel. See U.S. v. White, 307 F.3d 336, 343 (5th Cir. 2002) (holding that an ineffective assistance of counsel claim may only challenge the assistance directly related to the effectiveness of the waiver).

**B. Ineffective Assistance of Counsel**

An ineffective assistance of counsel claim brought under § 2255 is subject to the two-prong analysis articulated in Strickland v. Washington, 466 U.S. 668 (1984). U.S. v. Grammas, 376 F.3d 433, 436 (5th Cir. 2004). To establish ineffective assistance, the petitioner must show: (1) that defense counsel's performance was deficient; and, (2) that the deficient performance prejudiced the defendant. Id. To prove that counsel's performance was deficient, petitioner must show that "it fell below an objective standard of reasonableness." U.S. v. Juarez, 672 F.3d 381, 385 (5th Cir. 2012). Courts will not "audit decisions that are within the bounds of professional prudence." U.S. v. Molina-Uribe, 429 F.3d 514, 518 (5th Cir. 2005).

Prejudice is established by proving "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Once a petitioner fails to prove one prong, it is not necessary to analyze the other one. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994). A claim of ineffective assistance of counsel is properly made under § 2255, because it raises an issue of constitutional magnitude that cannot – as a general rule – be resolved on direct appeal. U.S. v. Bass, 310 F.3d 321, 325 (5th Cir. 2002). The relevant legal standards as to each of Martinez's claims are addressed

6

in the following sections examining those allegations.

## III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255.  Further, where the information available in the record and the clarity of the facts demonstrate a clear absence of entitlement to relief, a hearing is not required. U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992) ("A motion brought under § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief.").  The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Martinez's claims, a basic premise is that allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even applying that standard, neither the record – nor the law – support Martinez's claims.

### A.  Waiver of Appellate Rights

In various allegations, Martinez has asserted that his counsel was ineffective.  These allegations entitle Martinez to no relief.  He waived his right to appeal or collaterally attack his sentence when he entered into a plea agreement with the United States.  His waiver bars relief under 28 U.S.C. § 2255. U.S.v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).  "A defendant may waive his statutory right to appeal as part of a valid plea agreement, provided (1) his or her waiver is knowing and voluntary, and (2) the waiver applies to the circumstances at hand, based on the plain language of the agreement." U.S. v. Scallon, 683 F.3d 680, 682 (5th Cir. 2012) (quoting U.S. v. Jacobs, 635 F.3d 778, 781 (5th Cir. 2011) (per curiam)).  In order for the waiver to be knowing and voluntary, "a defendant must know that he had a right to appeal his sentence and that he was giving up that right." U.S. v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994).

The record in this case is unequivocal and reveals that the plea agreement expressly stated that Martinez was aware of both his right to directly appeal his sentence, pursuant to 18 U.S.C. § 3742, and his right to collaterally attack his conviction and sentence after the

conviction and sentence were final, pursuant to 28 U.S.C. § 2255. CR Dkt. No. 76, ¶ 11. That same paragraph indicates that Martinez was giving up those rights.

Furthermore, the plea colloquy establishes that Martinez understood that he had those rights and that, as part of his plea agreement, he was giving up those rights. CR Dkt. No. 126, p. 24-25. "Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

Martinez has provided nothing that contradicts his in-court statements. Given both the written agreement and the oral affirmation of the terms of that agreement, there can be no doubt, that Martinez was aware that he was waiving his appellate rights. Accordingly, the record establishes that Martinez waived his appellate rights and that his waiver was made knowingly and voluntarily.

Further, Martinez's waiver clearly applies to this case. Martinez is attempting to collaterally attack his conviction and sentence pursuant to 28 U.S.C. § 2255, an avenue expressly foreclosed by his plea agreement. Therefore, this case should be dismissed based upon that waiver.

### B. Legal Advice

Martinez asserts that he did not "receive any legal advice from the lawyer who represented me . . . was not advised as to the severity of the charges I was facing and was not [shown] the PSI report . . . went to sentencing without knowing its contents." Dkt. No. 1. Even if this claim were to be considered on its merits, it is unfounded and should be denied.

"Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition..., unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." Ross v. Estelle, 694 F.2d 1008, 1011-12 (5th Cir. 1983) (citing Woodard v. Beto, 447 F.2d 103 (5th Cir. 1971)). In short, conclusory allegations are insufficient to raise a constitutional issue. U.S. v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993).

These allegations are, at best, conclusory. Moreover, they are contradicted by the record. At his re-arraignment, Martinez testified under oath that his retained attorneys

explained the charges to him and discussed possible defenses to those charges. CR Dkt. No. 126, pp. 16-17. Martinez further testified that he was "satisfied with the advice and counsel" provided by his attorneys. Id. At sentencing, Martinez stated under oath that he reviewed the PSR with his attorneys. CR Dkt. No. 129, p. 2.

Martinez, by his own admission, was advised of the severity of the charges against him and reviewed the PSR with his attorneys prior to the sentencing. Such testimony is entitled to "a strong presumption of verity." Blackledge, 431 U.S. at 73-74. Martinez has pled no facts to overcome this presumption. For which reason, the claim should be denied.

**C. Appellate Rights**

Martinez claims he was not advised as to his right to appeal and that he did not realize that he had waived his right to appeal. Given the record in this case, such claims are incredible.

Even if the Court assumes that Martinez's counsel failed to advise him of his appellate rights, Martinez must still establish that there is "a reasonable probability" that he would have timely appealed, "but for" his counsel's failure to consult with him. U.S. v. Bejarano, 751 F.3d 280, 286 (5th Cir. 2014).[3] In order to meet this burden, Martinez must establish facts indicating that he would have appealed if he had been properly advised; an immediate indication that he wishes to appeal or the presence of viable issues for appeal would be probative evidence toward meeting this burden. Id at 285.

There is no evidence in the record that Martinez had any desire to appeal. Indeed, his waiver of his right to appeal indicates that he did not wish to do so. Further, Martinez never says that he would have appealed; he just claims that he was not fully informed of his right to appeal. See U.S. v. Cruz, 2015 WL 4459897, *4 (S.D. Tex. 2015) (unpubl.) (denying a similar claim where the defendant "does not even claim that he would have filed an appeal

---

[3] The Court notes that the instant case is not one where, after being directed to do so, counsel failed to file a timely appeal. In those cases, prejudice is presumed and the remedy is an out-of-time appeal. U.S. v. Tapp, 491 F.3d 263, 266 (5th Cir. 2007). In cases like the instant case, Martinez must show that, but for counsel's allegedly deficient advice on his appellate rights, he would have timely filed an appeal. Bejarano, 751 F.3d at 286.

if counsel had properly consulted with him.") (citing <u>Bejarano</u>).

More importantly, Martinez has not shown that there were nonfrivolous grounds for an appeal that he wished to pursue. <u>Bejarano</u>, 751 F.3d at 285.  Indeed, given his waiver of appellate rights, his appeal would have almost certainly been dismissed as waived.

Thus, Martinez's claim that he was unaware that he renounced his appellate rights is directly contradicted by the record.  The re-arraignment clearly establishes that Martinez understood that he was waiving his appellate rights. CR Dkt. No. 126, pp. 24-25.  No showing has been made that could possibly lead to any other conclusion.  For those reasons, if considered on its merits, the claim should be denied.

## IV.  Recommendation

WHEREFORE it is **RECOMMENDED** that Hugo Martinez's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, should be **DISMISSED** on the basis that Martinez has waived his right to file the instant petition.  Alternatively, it should be denied as meritless.

### A.  Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1).  A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).  To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. <u>Id.</u> at 327; <u>Moreno v. Dretke</u>, 450 F.3d 158, 163 (5th Cir. 2006).  A district court may <u>sua sponte</u> rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Martinez's § 2255 motion and the applicable Fifth Circuit precedent,

the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Martinez's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B.  Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009).  Failure to timely file objections shall bar the parties from a <u>de novo</u> determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court except upon grounds of plain error or manifest injustice. <u>See</u> § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140, 149 (1985); <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on April 4, 2016.

Ronald G. Morgan
United States Magistrate Judge